John Mehlhop, Son & Company, Appellant, v. Rae & Harker.

Minor: DISAFFIRMANCE OF CONTRACT. A minor who is a member of a partnership may disaffirm a contract made by his firm without disaffirming the contract of partnership. ROBINSON, J., taking no part.

*Appeal from Buena Vista District Court.*—Hon. Lot Thomas, Judge,

Saturday, January 27, 1894.

The plaintiffs are wholesale dealers in merchandise, and the defendants are a partnership composed of Thomas W. Rae and James Harker. They are retail dealers, and this action was brought against the defendant partnership, and the individual members thereof, for goods sold by the plaintiffs to the defendants. No defense to the claim of plaintiffs was made by the defendant partnership, nor by the defendant Thomas W. Rae. James Harker defended upon the ground

that he was a minor at the time the goods were purchased, and that he disaffirmed the purchase of the goods from the plaintiffs. There was a trial by jury, and a verdict and judgment for the defendant Harker. Plaintiffs appeal.—*Affirmed.*

*Henderson, Hurd, Daniels & Kiesel* for appellants.

*C. A. Irwin* and *Wm. Milchrist* for appellee.

ROTHROCK, J.—I. The second count of the defendant's answer is in these words: "Defendant, for further answer, states that he has never been married, and did not attain the age of twenty-one years until the ninth day of October, 1891; that he has not now, and did not have when he attained his majority, within his control, any of the property described in plaintiffs, petition and amendment, and defendant disaffirms all contracts made with the plaintiffs during his minority." The plaintiffs' reply to the answer was as follows: "Plaintiffs admit the allegations of defendant Harker's answer, but state that, before the goods for which this suit is brought were sold to Rae & Harker, said defendant Harker represented that he was then more than twenty-one years of age, and that before said goods were sold, and up to the time this action was begun, said Harker was engaged in business as an adult, and that plaintiffs had good reason to believe him capable of contracting." It will be observed that it is admitted by the pleadings that Harker was a minor at the time the goods were purchased, and the only question in controversy on the trial in the district court was whether, notwithstanding the minority of the defendant, he was liable personally for the goods, by reason of his having represented that he was more than twenty-one years of age before said goods were sold, and whether he was engaged in business as an adult, and plaintiffs had good reason to believe he was capable of contract-

ing. It is claimed in argument, in behalf of appellants, that the defendant ought not to be allowed to disaffirm the transaction with the plaintiff without also disaffirming the partnership contract, as between himself and Rae. The sufficiency of the defendant's answer was not attacked, by demurrer or motion or otherwise, in the court below, and it would seem that some such action was required, to raise the question now presented. However, without determining that question, we think the objection is not well taken. The contract of partnership existing between the individual members thereof, and the contract which the law implies between the members and a creditor of the partnership, are quite distinct. We think it is very clear that a minor may well disaffirm one of these contracts without disaffirming the other. It is provided by section 2238 of the Code that "a minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control, at any time after his attaining his majority." And section 2239 is as follows: "No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe the minor capable of contracting." It does not appear that any of the partnership property of the partnership remained in the control of the defendant after he attained his majority, and the supposed equitable considerations urged in argument do not appear of record. Besides, the contention is, in effect, that a minor may not disaffirm one contract without disaffirming another. The statute is explicit. The right to disaffirm the contract of personal liability is absolute, and does not depend upon any other consideration than

the obligation of that contract.   *Leacox v. Griffith*, 76
Iowa, 89, 40 N. W. Rep. 109.   We have examied the
case of *Miller v. Sims*, 2 Hill (S. C.) 479, cited by
counsel; and, while it may be a proper construction of
the statute of South Carolina, it does not appear to us
to be applicable, under our laws.

II.   There was a conflict in the evidence upon the
questions in issue, as to whether the defendant should
be held liable to plaintiffs by reason of misrepresenta-
tions as to his majority, and, whether from his having
engaged in business as an adult, the plaintiffs had good
reason to believe him capable of contracting.   As we
read the evidence, there was a clear preponderance in
favor of the defendant.   However that may be, we are
clearly of the opinion that the issues of fact in the case
were fairly presented to the jury in the instructions of
the court.   It is true that exceptions were taken to the
refusal to give certain instructions requested by plain-
tiffs, and to instructions given by the court on its own
motion.   We discover no error in this respect, and we
think these objections do not demand special consid-
eration.   The judgment of the district court is
AFFIRMED.

ROBINSON, J., took no part in the decision of this
case.